# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:22-cv-60976-RNS

| | |
|---|---|
| U.S. STRUCTURAL PLYWOOD INTEGRITY COALITION, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| FORESTWOOD INDUSTRIES, INC., and AMERICAN ASSOCIATION FOR LABORATORY ACCREDITATION INC. | ) ) ) ) ) |
| Defendants. | ) ) ) |

## PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

### (EXPEDITED HEARING REQUESTED)

Plaintiffs hereby move the Court, pursuant to Federal Rule of Civil Procedure 65(b), for a temporary restraining order requiring defendant Forestwood Industries, Inc. ("Forestwood") to immediately confirm the revocation of all PS 1 certifications issued to its Brazilian plywood licensees, the destruction of all PS 1 stamps (physical and digital) issued to each of these mills, and the obliteration of all Forestwood PS 1 stamps applied to any plywood between January 1, 2023 and the present. In support of this motion, plaintiffs rely on the record developed in support of plaintiffs' pending Motion for Preliminary Injunction, the record contained at *U.S. Structural Plywood Integrity Coalition v. PFS Corporation, et. al.*, Case No. 0: l9-cv-62225-RKA, ECF Nos. 170, 349, 358-370, the declaration of Michael E. Haglund filed herewith, and the following legal memorandum.

///

///

## **LEGAL MEMORANDUM**

I. **INTRODUCTION AND FACTUAL BACKGROUND.**

The Court is familiar with the facts and issues in this case, including Plaintiffs' Motion for Preliminary Injunction that was heard on December 12 through 14 and is currently under advisement. While relief sought in connection with Plaintiffs' Motion for Preliminary Injunction remains necessary, this Motion for Temporary Restraining order is narrowly limited to redressing Forestwood's clear cut (and, effectively, undisputed) misconduct between January 1, 2023, and the present.

Forestwood does not dispute that a certifying body must be accredited pursuant to the ISO 17065 (certification) and ISO 17020 (inspection) standards in order to perform PS 1 certification and license PS 1 grade stamps.[1] On December 31, 2023, after multiple extensions, Forestwood's ISO 17065 and ISO 17020 accreditation – previously issued by defendant American Association for Laboratory Accreditation, Inc. ("A2LA") – terminated. As of this filing, Forestwood is not ISO 17065 or ISO 17020 accredited, and it has not been ISO 17065 or ISO 17020 accredited since January 1. Therefore, Forestwood has no authority to issue PS 1 certifications or grade stamps. Any such certifications or stamps are unambiguously invalid and fraudulent.

On January 3, after discovering the termination of Forestwood's accreditation, plaintiffs' counsel immediately contacted counsel for Forestwood requesting that he "confirm that Forestwood has retrieved the PS 1 stamps issued to its Brazilian licensees and/or ensured their destruction." Haglund Decl., Ex. A at 1. The next day, Forestwood's counsel responded, characterizing the situation as "developing," and that "Forestwood and A2LA are continuing to work on the specifics." *Id.* B at 4. Forestwood's counsel went on to state that Forestwood "has directed the mills to stop using the stamp, and has also required the separation and disposal of any panel stamped after December 31, and the voiding of any Forestwood stamp that was applied after that date."[2] *Id.*

To date, however, Forestwood has not provided evidence to support its counsel's statement including copies of written communications with the mills. While Forestwood has suggested it is

---

[1] The parties do dispute whether Forestwood's prior accreditation by A2LA was appropriate, which is one of the points at issue in Plaintiffs' Motion for Preliminary Injunction.

[2] This statement is, of course, tantamount to an admission that Forestwood is unaccredited.

2

willing to do so, it has not provided a date certain, which is unacceptable given the urgency of this matter and magnitude of the fraud at issue. More importantly, Forestwood has allowed its Brazilian client mills to improperly retain its licensed PS 1 grade stamps, making it virtually certain that the mills will continue using them regardless of any contrary "instruction" by Forestwood. Forestwood also appears to have maintained these mills' license agreements and continued their certifications despite lacking the required accreditation to keep them in effect.

In short, the situation is not "developing." Rather, the problem clear and obvious: Forestwood is not accredited as a PS 1 certification or inspection body, yet it continues certify nearly two dozen plywood mills in southern Brazil to the PS 1 standard. Forestwood's conduct is illegal on its face and should be immediately restrained.

## II.  LEGAL STANDARD.

Federal Rule of Civil Procedure 65(b) empowers the Court to enter a temporary restraining order. Preliminary injunctive relief is appropriate where the movant demonstrates: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest. *Chanel, Inc. v. 5creplicachanel.com*, No. 19-62333-CIV, 2019 WL 7371816, at *2 (S.D. Fla. Oct. 7, 2019) (Altman, J.) (quotation omitted).

## III.  ARGUMENT.

### A.  Plaintiffs are Highly Likely to Succeed on the Merits.

Forestwood's continued issuance of PS 1 certifications and grade stamps despite its complete lack of the required accreditation blatantly violates the Lanham Act's prohibition against false advertising. *See Duty Free Americas, Inc. v. Estee Lauder Companies, Inc.*, 797 F.3d 1248 (11th Cir. 2015) (addressing the elements of direct and contributory false advertising); *see generally*, Structural Plywood I, ECF No. 310 (denying motion to dismiss and affirming that false statements regarding PS 1 compliance, once proved, violate the Lanham Act). Plaintiffs are also highly likely to succeed on their negligence claim based on Forestwood's failure to retrieve its client mills' invalid and illegally issued PS 1 grade stamps.

As to direct false advertising, each element is satisfied:

1. **False or Misleading Statements.** Forestwood's continued certification of its client mills to the PS 1 standard is blatantly false and Forestwood has no authority whatsoever to make such statements following the termination of its ISO accreditation.

2. **Consumer Deception.** Where, as here, the statements at issue are literally false, consumer deception is presumed. *N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, at n. 11 (11th Cir. 2008). Moreover, consumers will obviously be deceived by the Forestwood grade stamp to believe that the manufacturer has been certified as on-grade by an accredited PS 1 certification body when in fact Forestwood is unaccredited.

3. **Materiality.** Because U.S. building codes universally require PS 1 compliant plywood in structural applications, consumers do not purchase plywood for structural use unless it bears a PS 1 grade stamp licensed by an ISO accredited certification body. As coalition member Southern Veneer Plywood Sales Manager Juan Medellin explains:

> The PS 1 grade stamp is critical to the sale of our structural plywood. . . . I believe that this stamp is the single most important advertisement that our company utilizes and it is placed on every single PS 1 panel that we produce. Based on my experience, the market for structural plywood in the U.S. is well aware that the PS 1 grade stamp is required for all plywood used in structural applications in U.S. homes or commercial buildings. I know from firsthand experience that this stamp is what a building inspector is looking for during an inspection of a framed, sided and roofed structure to verify compliance with building codes throughout the U.S. and including Florida.

Medellin Decl., ECF No. 35 at ¶3.

4. **Effect on Interstate Commerce.** The effect on interstate commerce of the massive influx of off-grade PS 1 plywood being imported from southern Brazil is difficult to overstate. Brazilian PS 1 plywood imports account for approximately 11% of the total U.S. market, and fluctuations in the level of imports has a direct effect on plywood prices throughout the country. As coalition member Freres Lumber Co.'s Vice President Tyler Freres explains in his declaration:

> [T]he downward trend of Brazilian plywood imports following TPI's exit reversed and imports have risen quickly in 2022. The year-to-date data from March of 2022 shows that plywood imports were 16% higher than they had been year-to-date in March of 2021, even after the major drop in imports late last year following TPI's revocation of its PS 1 certificates. The new certifications of the former TPI-certified plywood mills by Forestwood Industries, Inc. is undoubtedly a primary driver of that growth. Based on all available evidence,

> Forestwood is relying on the discredited test qualification data from PFS-TECO and TPI to certify those mills.

Freres Decl., ECF No. 37 at ¶8.

5.    **Injury.**  Plaintiffs compete directly with Forestwood's Brazilian client mills in a market that the latter are flooding with off-grade product. This has devalued the price of structural plywood resulting in a substantial loss of revenue to plaintiffs. Freres Decl. ¶ 6. Even more significant, Forestwood's wanton abuse of the PS 1 grading system undermines consumer confidence in plywood, which will cause incalculable (and irreparable) damage to the going forward viability of plaintiffs' businesses as U.S. structural plywood producers. As coalition member Scotch Plywood's Vice President Gray Skipper explains in his declaration:

> The reputation of PS 1 structural plywood as a superior building product in residential and commercial construction is critically important to the long-term future of family-owned plywood companies like the nine members of the Plaintiff Coalition which operate 11 plywood plants in the U.S. South and Pacific Northwest and employ over 4,500 workers in family-wage jobs. Off-grade Brazilian plywood masquerading as meeting the PS 1 standard consistently fails the bending stiffness requirements of the PS 1 product standard and threatens to substantially harm the reputation of structural plywood in the United States and to cause consumers to shift to other products.

Skipper Decl., ECF No. 31 ¶11.

In short, there is no question that Forestwood is violating the Lanham Act by falsely issuing PS 1 certifications and grade stamps despite lacking the required ISO accreditation.

As to contributory false advertising, Forestwood's refusal to revoke the Brazilian mills' PS 1 certification and grade stamps enables the mills to continue to falsely hold themselves and their products out as meeting PS 1 when in fact they do not. Forestwood has the "clear contractual power" to halt these mills' false advertising by revoking the mills' certifications and retreiving the PS 1 grade stamps that bear its name.[3] In other words, without Forestwood's authorization, the Brazilian mills' false advertising "would not be possible." *Estee Lauder,* 797 F.3d at 1277-78. Under *Estee Lauder*, therefore, Forestwood is liable for contributory false advertising.

Lastly, Forestwood's failure to retrieve and destroy the PS 1 grade stamps is an obvious breach of its duty to exercise reasonable care to avoid their fraudulent use. Forestwood claims that it "instructed" its client mills to stop using the stamps. As a practical matter, however, Forestwood

---

[3] Indeed, Forestwood lacks the required accreditation to maintain its certification agreements.

maintains no oversight of its Brazilian client mills and there is nothing to stop them from continuing to use the illicit PS 1 stamps in their possession. Forestwood's failure to retrieve its invalid stamps to prevent their continued use is wildly irresponsible and further confirms Forestwood's incompetence.

Indeed, the suggestion by Forestwood's counsel that communications by his client to Brazilian mills to stop using Forestwood's PS 1 stamps is all that this defendant must do in light of its loss of PS 1 certification body accreditation is ridiculous. As stated in the Haglund declaration, the Brazilian industry has demonstrated through abundant evidence in this case and its predecessor that their efforts to cheat the quality control system and produce off-grade structural plywood improperly stamped as meeting the PS 1 Standard are deliberate and pervasive. Based upon an examination of the websites for Forestwood's Brazilian licensees, these companies continue to represent that each is qualified to produce PS 1 plywood. The reputation for rampant cheating by the Brazilian plywood industry is now well established. Strong action in the form of a TRO is absolutely necessary to redress Forestwood's blatant violations of the Lanham Act and the continuing fraud of its licensees.

In sum, Forestwood's blatantly violating the Lanham Act and has failed to exercise reasonable care to prevent further use of its invalid PS 1 grade stamps. Forestwood is making a complete mockery of the quality control system that building codes across the country rely on by certifying mills to the PS 1 standard and licensing PS 1 grade stamps with no accreditation or authority whatsoever. This is an open and shut situation where plaintiffs are clearly likely to prevail on the merits.

**B.     A Temporary Restraining Order is Necessary to Prevent Irreparable Harm.**

First, in connection with plaintiffs' Lanham Act claims, irreparable harm is presumed pursuant to the Trademark Modernization Act, 15 U.S.C. § 1116(a), which states that a party seeking a preliminary injunction or temporary restraining order under the Lanham Act, upon showing a likelihood of success on the merits:

> shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction or upon a finding of likelihood of success on the merits for a violation identified in this subsection in the case of a motion for a preliminary injunction or temporary restraining order.

Moreover, plaintiffs presented strong evidence of irreparable harm from the continued import off falsely certified PS 1 plywood into the United States – e.g., diminished competitive position, lost sales and business opportunity, and reputational harm to their flagship product – during the preliminary injunction hearing on December 12-13, 2022 as shown by the declarations of Juan Medellin and Tyler Freres filed in support thereof, and the testimony of Mr. Freres and Dr. Todd Shupe given at the hearing on that motion. Plaintiffs incorporate that testimony here.

### C. **The Balance of Equities Tips Sharply in Plaintiffs' Favor**.

The balance of equities tips sharply in plaintiffs' favor. Plaintiffs' businesses are suffering from a counterfeiting scheme that, following the termination of Forestwood's ISO accreditation, could not be more blatantly illegal. Meanwhile, Forestwood is thumbing its nose at the law by simply pretending it is an accredited PS 1 certifier when it is not.

### D. **The Public Interest Strongly Favors an Injunction**.

The public interest factor favors the movant if an injunction would not disserve the public interest. *Carillon Importers, Ltd. v. Frank Pesce Int'l Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997). In this case, the public has a strong interest in ensuring truth in advertising and preventing consumer deception in the marketplace. *Energy Four, Inc. v. Dornier Med. Sys., Inc.*, 765 F. Supp. 724, 734 (N.D. Ga. 1991) ("Consumer deception, by its very nature, is against the public interest."). Here, Forestwood is continuing to treat its PS 1 certifications of over 100 PS 1 products manufactured by its Brazilian licensees as valid without any authority to do so. While it has taken down its website, no such action has taken place among its Brazilian licensees. The public is plainly harmed by an unaccredited sham operation falsely representing building products as meeting the PS 1 structural standard.

### E. **Bond Should be Waived**.

Rule 65(c) requires a successful temporary restraining order movant to post security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Here, a bond is unnecessary because Forestwood cannot suffer any harm from being ordered to revoke PS 1 certifications and grade stamps that it effectively concedes it has no authority to issue. *See* Haglund Decl., Ex. B at 2 (email from Forestwood's counsel acknowledging the removal of Forestwood's website and instruction to mills not to use its stamps).

## IV. **CONCLUSION**.

This matter could not be more clear: Forestwood acknowledges it lacks the accreditation required to issue PS 1 certifications and grade stamps, but has inexplicably failed to revoke its client mills' PS 1 certifications and destroy its licensed grade stamps, instead allowing an egregious fraud on U.S. consumers to continue. Plaintiffs' motion should be granted and Forestwood should be immediately restrained.

## **REQUEST FOR EXPEDITED HEARING**

Given the critical importance and exigency of the issues raised in this motion, plaintiffs respectfully request that the Court hold a hearing at the earliest possible date and time. Plaintiffs believe that the Court's decision-making process would be aided by oral argument, and estimate that one hour would be sufficient time to provide the Court with a full argument.

**CERTIFICATION OF PREFILING CONFERENCE**

The undersigned counsel certifies that he has conferred in good faith by telephone with counsel for Forestwood, and the parties were unable to reach agreement regarding the subject matter of this motion.

Dated this 5th day of January, 2023.

**HAGLUND KELLEY LLP**
*Attorneys for Plaintiffs*
2177 SW Broadway
Portland, OR 97201
(503) 225-0777 (T)
(503) 225-1257) F)

By *s./Michael E. Haglund*
**MICHAEL E. HAGLUND**, OSB No. 772030
mhaglund@hk-law.com (*Admitted Pro Hac Vice*)
**ERIC J. BRICKENSTEIN**, OSB No. 142852
ebrickenstein@hk-law.com (*Admittted Pro Hac vice*)
**CHRISTOPHER T. GRIFFITH**, OSB No. 154664
cgriffith@hk-law.com (*Admitted Pro Hac Vice*)

**NICKLAUS & ASSOCIATES, P.A.**
*Attorneys for Plaintiffs*
4651 Ponce de Leon Boulevard, Suite 200
Coral Gables, Florida 33146
Telephone: (305)460-9888
Facsimile: (305)460-9889

By: *s/ Edward R. Nicklaus*
**EDWARD R. NICKLAUS, ESQ.**
Florida Bar No.: 138399
edwardn@nicklauslaw.com

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on January 5, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to ECF registrants.

*Attorneys for Defendant*
*American Association for Laboratory Accreditation, Inc.:*

Peter R. Goldman
Nina C. Welch
NELSON MULLINS
100 S.E. 3rd Avenue, Suite 2700
Fort Lauderdale, FL  33394
Nina.welch@nelsonmullins.com
Herold.Labissiere@nelsonmullins.com

               HAGLUND KELLEY LLP

               *Attorneys for Plaintiffs*
               2177 SW Broadway
               Portland, OR 97201
               (503) 225-0777 (T)
               (503) 225-1257) F)

               By *s./Michael E. Haglund*
               **MICHAEL E. HAGLUND**, OSB No. 772030
               mhaglund@hk-law.com, *admitted pro hac vice*
               **ERIC J. BRICKENSTEIN**, OSB No. 142852
               ebrickenstein@hk-law.com, *admitted pro hac vice*
               **CHRISTOPHER T. GRIFFITH**, OSB No. 154664
               cgriffith@hk-law.com, *admitted pro hac vice*

               **NICKLAUS & ASSOCIATES, P.A.**

               *Attorneys for Plaintiffs*
               4651 Ponce de Leon Boulevard, Suite 200
               Coral Gables, Florida 33146
               Telephone:  (305)460-9888
               Facsimile:   (305)460-9889

                By: *s/ Edward R. Nicklaus*
               **EDWARD R. NICKLAUS, ESQ.**
               Florida Bar No.:  138399
               edwardn@nicklauslaw.com