**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:22-cv-60976-LEIBOWITZ/HUNT**

**U.S. STRUCTURAL PLYWOOD**
**INTEGRITY COALITION,** *et al.*,

    *Plaintiffs*,

v.

**AMERICAN ASSOCIATION FOR**
**LABORATORY ACCREDITATION, INC.**,

    *Defendant*.

_____/

**ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION**

United States Magistrate Judge Patrick M. Hunt issued a Report and Recommendation on August 6, 2024, recommending that this Court grant in part and deny in part Defendant's Motion for Summary Judgment against Plaintiffs. [ECF No. 232]. Defendant American Association for Laboratory Accreditation, Inc. ("A2LA") submitted objections to Magistrate Judge Hunt's Report and Recommendation [ECF No. 233], while Plaintiff has submitted no objections. After careful review of the filings, the applicable law, and the record, the Court adopts Judge Hunt's Report and Recommendation in its entirety and GRANTS IN PART and DENIES IN PART Defendant's Motion for Summary Judgment.

**LEGAL STANDARD**

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (cleaned up). The objections must also present "supporting

legal authority." L. Mag. J.R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a de novo determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783–84 (cleaned up). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Id.* at 784 (cleaned up).

## DISCUSSION

Regarding Magistrate Judge Hunt's recommendation that this Court grant summary judgment as to Plaintiffs' direct false advertising claim and Plaintiffs' request for injunctive relief, neither party has submitted any objections, and the time to do so has passed. Defendant A2LA does state that it objects to Magistrate Judge Hunt's finding that Plaintiffs have standing to sue A2LA under the Lanham Act, but only if Plaintiffs challenge the Report and Recommendation on the direct false advertising claim, which Plaintiffs have not done. [Objections, ECF No. 233 at 3]. Given all this, the Court has reviewed the Report and Recommendation for clear error only. Upon this review, the Court finds not only no clear error but also notes that Judge Hunt's report is thorough and correct. The Court adopts the Report and Recommendation and grants in part Defendants' Motion for Summary Judgment, dismisses Plaintiffs' direct false advertising claim, denies Plaintiffs' request for injunctive relief, and denies Defendant's Motion for Summary Judgment in part on the ground that Plaintiffs do not have standing under the Lanham Act.

   A. Judge Hunt's Report and Recommendation denying summary judgment on Plaintiffs' contributory false advertising claim is correct.

In order to establish a contributory false advertising claim, a plaintiff must first show "that a third party in fact directly engaged in false advertising that injured the plaintiff" and second, "that the defendant contributed to that conduct either by knowingly inducing or causing the conduct, or by

materially participating in it." *Duty Free Americas, Inc. v. Estee Lauder Companies, Inc.*, 797 F.3d 1248, 1277 (11th Cir. 2015).

A2LA first challenges Judge Hunt's Report and Recommendation on the ground that "[t]he court's finding of negligence is insufficient to satisfy the 'knowing inducement' standard required to maintain a contributory false advertising claim." [Objections at 9]. To support its argument, A2LA cites many out-of-circuit cases which do not deal with contributory false advertising. [*See id.* at 9–12]. This Court does not find these cases particularly helpful. A2LA's argument glosses over Magistrate Judge Hunt's Report and Recommendation and ignores the full legal standard for contributory false advertising.

A contributory false advertising claim can proceed if a defendant contributed to a third party's false advertising by knowingly inducing or causing the conduct, *or by materially participating in it*. *See Duty Free Americas*, 797 F.3d at 1277. Despite A2LA's effort to convince this Court that it needs to conduct a thorough analysis into A2LA's state of mind (which is a factual, not a legal, determination), a contributory false advertising claim can proceed at the summary judgment stage if there is evidence that a defendant materially participated in the false advertising, which does not require an analysis of the defendant's state of mind. Judge Hunt's findings that A2LA "went forward with the accreditation despite ample warnings that FII would be unable to property certify the plywood," and that A2LA "failed to follow its own procedures in the accreditation process, despite these warnings," are sufficient at summary judgment to find that there is a genuine issue of material fact as to whether A2LA materially participated in FII's false advertising. Accordingly, A2LA's objection on this ground is overruled.

Next, A2LA objects to the Report and Recommendation on the ground that FII's dismissal with prejudice from this action forecloses any contributory Lanham Act claim against A2LA. [Objections at 13]. However, as Plaintiffs note, their claims against FII were dismissed *voluntarily*

because FII made the decision to close its business, and Plaintiffs had no operational entity to sue. [*See* ECF No. 166; Resp., ECF No. 236 at 13–14]. While it is true that a dismissal with prejudice generally operates as a final judgment on the merits, *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990), due to the nature of this Court's dismissal with prejudice of FII and A2LA's failure to cite any binding or persuasive authority analogous to this situation, this Court cannot say that the dismissal of FII with prejudice should bar any factual findings of FII's behavior. The dismissal with prejudice of Defendant FII does not foreclose this Court from making factual findings as to FII's behavior, rather, it merely forecloses Plaintiffs' ability to bring the same *claim* against FII in the future. Because Plaintiffs are not attempting to bring a false advertising claim against FII at this juncture, the previous dismissal with prejudice of FII does not impact Plaintiffs' ability to bring a contributory false advertising claim against A2LA. Accordingly, A2LA's objection on this ground is overruled.

The only case which A2LA cites which may be on point is *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V.*, 41 F. Supp. 3d 395, 406 (S.D.N.Y. 2014), *aff'd*, 809 F.3d 737 (2d Cir. 2016). There, the court found that a voluntary dismissal of a claim of unfair competition against a non-party in a previous lawsuit prevented a claim of contributory unfair contribution against the defendant because the defendant's liability hinged on the non-party's conduct, and the defendant would have been vicariously liable for the unfair competition of the non-party. *Id.* n.110. However, the defendant and non-party in *Sojuzplodoimport* had entered into an agreement that let the non-party distribute and sell products of the defendant. *Id.* at 399. That relationship om *Sojuzplodoimport* is materially different from the one here; this Court therefore does not find the reasoning in *Sojuzplodoimport* particularly persuasive to prevent liability in this case. Beyond this one out-of-circuit case, A2LA has pointed this Court to no other authority where a party was barred from making a factual argument about a previous party in the lawsuit who was dismissed with prejudice.

Having overruled both of A2LA's objections, this Court adopts the Report and Recommendation and finds that the Report and Recommendation correctly denies A2LA's Motion for Summary Judgment as to the contributory false advertising claim.

B. This Court affirms and adopts Magistrate Judge Hunt's denial of summary judgment on Plaintiffs' negligence claim.

Under the law of negligence, whether a legal duty exists "is not a factual question for the jury to decide." *U.S. Structural Plywood Integrity Coal. v. PFS Corp.*, No. 19-62225-CIV, 2022 WL 953150, at *38 (S.D. Fla. Mar. 30, 2022) (citing *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 503 (Fla. 1992)). The duty element of negligence focuses on "whether the defendant's conduct foreseeably created a broader 'zone of risk' that poses a general threat of harm to others." *Id.*

In Florida, a duty of care in a negligence action may arise from one of four sources: "(1) legislative enactments or administrative regulations; (2) judicial interpretations of such enactments or regulations; (3) other judicial precedent; and (4) a duty arising from the general facts of the case." *Id.* (citing *Dorsey v. Reider*, 139 So. 3d 860, 863 (Fla. 2014)). "For a duty to stem from the fourth category—'the general facts of the case'—the conduct at issue must be 'such that it creates a 'foreseeable zone of risk' posing a general threat of harm to others.' When a defendant's conduct creates a foreseeable zone of risk, 'a legal duty will ordinarily be recognized to ensure the conduct is carried out reasonably.'" *Id.* (citations omitted). This "general facts of the case" standard to create a duty of care is unique to Florida, and thus the various non-Florida cases A2LA cites are inapposite. The Florida standard is a "minimal threshold legal requirement for opening the courthouse doors. Once the courthouse doors are opened based on the existence of a legal duty, the proximate cause element still remains and is concerned with whether and to what extent the defendant's conduct foreseeably and substantially caused the specific injury that actually occurred." *Dorsey*, 139 So. 3d at 863 (citations and internal quotation marks omitted).

The standard to create a duty of care is thus minimal in Florida and is clearly met here. A2LA's accreditation of FII's plywood that purportedly failed to meet the PS 1 standards certainly creates a foreseeable zone of risk for the consequences that flow from that accreditation. The accreditation of FII was a prerequisite for the importation of plywood and it is foreseeable that the failure to properly accredit an importer could lead to a general threat of harm to others, including to economic competitors of the attempted importer. Plaintiffs allege that A2LA failed employ staff with expertise in engineered wood products, failed to utilize auditing procedures in accrediting FII as a certification and inspection agency authorized to license plywood mills to produce structural grade plywood, failed to investigate the reasons for high failure rates of panels produced by FII's Brazilian plywood licensees, and accrediting FII when it lacked the ability and accreditation to perform the required qualification tests under the PS I standard. [Second Amended Complaint, ECF No. 184 ¶ 149]. These failures by A2LA, if proven true at trial, certainly would pose a foreseeable threat to others who rely on the standards and compete with the importers.

The only case which A2LA cites for its proposition that it, as an accreditor, shouldn't have a duty of care is *DeLong v. Am. Home Furnishings All.*, 464 F. Supp. 3d 727, 732–33 (E.D. Pa. 2020), which found no duty of care under Florida law for non-profit defendants who negligently issued and promoted *voluntary* furniture safety standards of a dresser (that met those standards) that caused the plaintiff's son's death. The court there found that the defendants did not *create* any risk because at most, they "urged inadequate measures to reduce the risk already posed by household furniture." *Id.* at 731. Unlike in *DeLong*, the PS 1 standards here were not voluntary suggestions; rather, A2LA's accreditation was a prerequisite for the structural plywood to be imported in the first place. As for A2LA's reliance on *Grieco*, this Court finds that it is "objectively reasonable to expect" lost economic profits for competitors of a plywood importer that was accredited by a certification body that should have done more to ensure that its accreditation was validly issued. *Grieco v. Daiho Sangyo, Inc.*, 344 So.

3d 11, 23 (Fla. Dist. Ct. App. 2022).  Thus, A2LA has a general duty of care owed to Plaintiffs here, and any challenge to Plaintiffs' negligence claim is better suited under a proximate cause analysis, an issue not brought by A2LA in its Motion for Summary Judgment.  *See U.S. Structural Plywood Integrity Coal. v. PFS Corp.*, No. 19-cv-62225, 2022 WL 953150, at *39 (S.D. Fla. Mar. 30, 2022) (finding that it is foreseeable "that the act of facilitating the importation of cheaper, sub-standard products would cause economic injuries to domestic manufacturers who ... have had to pay more money (and so must charge more money) to keep their standards high.").

This Court finds that A2LA has a general duty of care owed to Plaintiffs and thus, Magistrate Judge Hunt's Report and Recommendation is adopted on this ground.

## CONCLUSION

For the foregoing reasons, Magistrate Judge Hunt's Report and Recommendation is compelling and adopted in full.  Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Magistrate Judge Hunt's Report and Recommendation [**ECF No. 232**] is **AFFIRMED AND ADOPTED**.

2. Defendant A2LA's Objections [**ECF No. 233**] are **OVERRULED.**

3. Defendant's Motion for Summary Judgment [**ECF No. 199**] is **GRANTED in part and DENIED in part** in accordance with Judge Hunt's Report and Recommendation.

4. Plaintiffs' Direct False Advertising Claim is **DISMISSED.**

**DONE AND ORDERED** in the Southern District of Florida on December 3, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:    counsel of record