IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE
DIVISION

Case No. 0:22-cv-60976-Leibowitz

U.S. STRUCTURAL PLYWOOD
INTEGRITY COALITION, an
unincorporated association, SCOTCH
PLYWOOD CO., INC., an Alabama
corporation, VENEER PRODUCTS
ACQUISITIONS, LLC, a Delaware limited
liability company doing business as
SOUTHERN VENEER PRODUCTS,
SOUTHERN VENEER SPECIALTY
PRODUCTS, LLC, a Georgia limited
liability company, HUNT FOREST
PRODUCTS, LLC, a Louisiana limited
liability company, FRERES LUMBER CO.,
INC., an Oregon corporation, MURPHY
COMPANY, an Oregon corporation, SDS
LUMBER LLC, a Washington limited
liability company, and SWANSON GROUP,
INC., an Oregon corporation,

    Plaintiffs,

v.

AMERICAN ASSOCIATION FOR
LABORATORY ACCREDITATION, INC.,
a District of Columbia non-profit
corporation,

    Defendant.

## JOINT PRETRIAL STIPULATION

Plaintiffs U.S. Structural Plywood Integrity Coalition, Scotch Plywood Co., Inc., Veneer Products Acquisitions, LLC, Southern Veneer Specialty Products, LLC, Hunt Forest Products, LLC, Freres Lumber Co., Inc., Murphy Company, SDS Lumber LLC, and Swanson Group, Inc.

1

(collectively "plaintiffs") and Defendant American Association for Laboratory Accreditation, Inc. ("A2LA") respectfully submit the following Joint Pretrial Stipulation pursuant to Local Rule 16.1(e) and this Court's Scheduling Order (ECF 278).

I. **CONCISE STATEMENT OF THE CASE.**

    A. **Plaintiffs' Statement.**

Plaintiffs are a coalition of American companies operating nine mills across the U.S. South and Pacific Northwest that manufacture structural plywood in accordance with the rigorous PS 1 standard that has been incorporated into building codes in all 50 states. This case involves federal Lanham Act claims for contributory false advertising and a Florida state law claim for negligence against defendant American Association for Laboratory Accreditation, Inc. ("A2LA"), which is a U.S. based company that accredits PS 1 certification, inspection and testing agencies under the PS 1 standard. Plaintiffs' claims arise from A2LA's improper accreditation of Forestwood Industries, Inc. ("FII") as a PS 1 certification and inspection body. With A2LA's accreditation, FII falsely certified plywood mills of the southern Brazilian states of Parana and Santa Catarina to the PS 1 standard, despite overwhelming evidence that these mills do not produce plywood that is consistently on grade.

Tests by the American Plywood Association in 2018 and commissioned by plaintiffs in 2019 (Clemson University) and 2021 (Blackwater) show that plywood panels produced in southern Brazil by FII's licensees experience massive failure rates with respect to the stringent physical properties required by the PS 1 standard, specifically bending stiffness and deflection. A thorough review of the relevant scientific literature and internal documents produced by FII during discovery demonstrates that these widespread failures are the product of a combination of inferior raw materials and FII's failure to perform PS 1 qualification testing of the plywood produced by its

2

Brazilian client mills despite actual knowledge (or, at minimum, clear reason to know) that the plywood produced by these mills could not consistently meet the grade requirements of the PS 1 Standard.

A2LA's improper accreditation of FII as a PS 1 certification body licensing PS 1 grade stamps to Brazilian plywood mills has resulted in millions of square feet of falsely advertised off-grade Brazilian plywood moving into the U.S. and being incorporated into residential and commercial buildings. In addition to the inherent risk that this off-grade structural plywood presents to the public, the influx of falsely certified plywood manufactured by FII"s southern Brazilian client mills has depressed plywood prices in the U.S. market, causing substantial injury to plaintiffs. Following the loss of its A2LA accreditation in February 2023, FII agreed to permanently cease any PS 1 certification activities and to terminate its business operations and was dismissed from this case.  Against the remaining defendant A2LA, plaintiffs seek a verdict holding A2LA responsible for their economic damages arising from the flow of FII-certified plywood from southern Brazil into the United States.

  **B.**  <u>**Defendant's Statement**</u>**.**

Plaintiffs are 8 U.S. mills who produce and sell PS 1 plywood. A2LA is a highly regarded non-profit accreditation body. A2LA provides accreditation services, which is formal, third-party recognition of the competence of other organizations to perform specific tasks. Plaintiffs have asserted claims against A2LA for contributory false advertising under the Lanham Act and negligence arising out of A2LA's accreditation of Forestwood Industries, Inc. ("FII") as a certification body.

Plaintiffs claim that A2LA negligently accredited Forestwood to its QMS-04 Scheme for structural plywood. A2LA denies it was negligent in its accreditation of FII and that it performed

its accreditation with the same level of skill, care, and diligence that a reasonably competent accreditation body would exercise under similar circumstances. A2LA further states that Plaintiffs negligence claim fails as A2LA did not proximately cause Plaintiffs alleged harm and Plaintiffs cannot prove damages, including damages attributable to A2LA as opposed to others, e.g., importers, distributors, retailers, etc.

Plaintiffs' contributory Lanham Act claim against A2LA arises out of Forestwood's alleged direct false advertising under the Lanham Act based on alleged false certifications of 17 Brazilian plywood producers who Plaintiffs claim are incapable of consistently producing on-grade PS 1 plywood. Plaintiffs allege A2LA knowingly contributed to false advertising because A2LA accredited Forestwood, which then enabled Forestwood to "falsely" certify the Brazilian plywood mills to its QMS-04 Scheme for structural plywood. A2LA maintains that Plaintiffs contributory Lanham Act claim fails for the following reasons: (1) Plaintiffs' cannot prove Forestwood's certifications and literally false; (2) Plaintiffs cannot prove A2LA knowingly caused or materially participated (with the requisite culpable intent) in the issuance of false certificates, assuming *arguendo* they were false; (3) Plaintiffs cannot prove that A2LA was the proximate cause of Plaintiffs' alleged damages; and (4) Plaintiffs cannot prove damages, including any that were attributable to A2LA as opposed to others, e.g., importers, distributors, retailers, etc.

## II.  **BASIS OF FEDERAL JURISDICTION.**

This Court has jurisdiction over plaintiffs' federal Lanham Act claims pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over plaintiffs' negligence claim pursuant to 28 U.S.C. § 1367.

## III.  **PLEADINGS RAISING THE ISSUES.**

The operative pleadings are as follows:

1.      Plaintiffs' Second Amended Complaint at ECF No. 184, which asserts claims for contributory false advertising and negligence against A2LA.

2.      A2LA's Answer and Affirmative Defenses at ECF No. 187, which substantially denies the material allegations contained in Plaintiffs' Second Amended Complaint and asserts various Affirmative Defenses.

**IV.    UNDISPOSED OF MOTIONS AND MATTERS REQUIRING ACTION OF THE COURT.**

The parties agree that the following motions remain pending before the Court:

1.      Motions *in limine* filed by Plaintiffs [DE 267] and Defendant A2LA [DE 268] on or about January 13, 2025 pursuant to the Court's Scheduling Order (ECF No. 258).

This list is current as of the filing date. The parties do not expect to file additional motions (save for motions in limine) at this time.

**V.     CONCISE STATEMENT OF UNCONTESTED FACTS.**

The parties agree that the following issues of fact are uncontested and do not require further proof at trial:

1.      Plaintiff Scotch Plywood Co., Inc., is an Alabama corporation which owns and operates a plywood plant in Fulton, Alabama.

2.      Plaintiff Veneer Products Acquisitions, LLC, which does business as Southern Veneer Products, is a Delaware limited liability company which owns and operates a plywood plant in Fitzgerald, Georgia. Plaintiff Southern Veneer Specialty Products, LLC is a Georgia limited liability company that owns and operates a plywood mill in Moncure, North Carolina.

3.      Plaintiff Hunt Forest Products, LLC is a Louisiana corporation which owns and operates a plywood plant in Pollock, Louisiana.

  4. Plaintiff Freres Lumber Co., Inc. is an Oregon corporation which owns and operates a plywood mill in Lyons, Oregon.

  5. Plaintiff Murphy Company is an Oregon corporation that operates a plywood plant in Rogue River, Oregon.

  6. Plaintiff SDS Lumber LLC is a Washington limited liability company which owns a plywood plant doing business as Bingen Plywood in Bingen, Washington.

  7. Plaintiff Swanson Group, Inc. is an Oregon corporation which owns and operates plywood plants in Glendale and Springfield, Oregon.

  8. Forestwood Industries, Inc. or FII is a former defendant that was engaged in certifying and inspecting PS 1 plywood plants in southern Brazil.

  9. American Association for Laboratory Accreditation, Inc. or A2LA is a Maryland nonprofit corporation engaged in the business of accrediting laboratories and producers of various products.

## VI.   STIPULATED GLOSSARY OF TERMS AND ACRONYMS.

The parties agree a glossary of terms and acronyms would be useful for the jurors. The parties intend to prepare a glossary for the jurors to reference throughout trial. The parties also agree that a key exhibits notebook containing 10-15 exhibits from both sides would be useful to the jurors. The parties will endeavor to agree on key exhibits for a key exhibit notebook for the jurors.

## VII.   STATEMENT OF ISSUES OF FACT TO BE TRIED.

The parties dispute the issues of fact to be tried. Both are set forth below.

**Plaintiffs' proposed issues of fact to be tried**:

1.      Whether FII engaged in direct false advertising by making literally false or misleading statements regarding the conformance of its Brazilian licensee mills' plywood to the PS 1 standard.

2.      Whether A2LA engaged in contributory false advertising by knowingly inducing or causing false advertising by FII, or by materially participating in it.

3.      Whether A2LA breached a duty of care owed to Plaintiffs by failing to perform its responsibilities in its accreditation of FII as a PS 1 certification and inspection body in a responsible manner.

4.      Whether and to what extent each Plaintiff has been damaged by A2LA's conduct alleged in the Second Amended Complaint.

**A2LA's proposed issues of fact to be tried**:

1.      Whether FII engaged in direct false advertising by making literally false statements through its certification of the Brazilian plywood mills.

2.      Whether A2LA engaged in contributory false advertising by knowingly inducing or causing false advertising by FII, or by materially participating in it with the intention of facilitating the false certification of Brazilian plywood as compliant with the PS 1 standard or willfully blind that its conduct was facilitating the false certification of Brazilian plywood as PS-1 compliant.

3.      Whether A2LA breached a duty of care owed to Plaintiffs by failing to render accreditation services in a manner that a reasonably prudent similarly situated accreditation body would have done.

4.      Whether A2LA proximately caused Plaintiffs' damages.

5.      Whether and to what extent each Plaintiff has been damaged.

6. Whether Plaintiffs failed to mitigate their damages as required and as such, any recovery should be proportionally reduced as a result of such failure.

7. Whether Forestwood Industries, Inc. is responsible, in part or in whole, for causing Plaintiffs alleged damages.

8. Whether Compensados Relvaplac Ltda. is responsible, in part or in whole, for causing Plaintiffs alleged damages.

9. Whether Industria de Compensados Guararapes Ltda. is responsible, in part or in whole, for causing Plaintiffs alleged damages.

10. Whether Pinustan Industria e Comercio de Madeiras Ltda. is responsible, in part or in whole, for causing Plaintiffs alleged damages.

11. Whether Compensados FivePly Ltda. is responsible, in part or in whole, for causing Plaintiffs alleged damages.

12. Whether Conply Industria de Compensados LTDA is responsible, in part or in whole, for causing Plaintiffs alleged damages.

13. Whether Industria de Compensados Sudati LTDA is responsible, in part or in whole, for causing Plaintiffs alleged damages.

14. Whether Industria e Comercio de Compensados Sul Paraná is responsible, in part or in whole, for causing Plaintiffs alleged damages.

15. Whether Palmasola S.A. Madeiras e Agricultura is responsible, in part or in whole, for causing Plaintiffs alleged damages.

16. Whether Itamarati Industria de Compensados Ltda. is responsible, in part or in whole, for causing Plaintiffs alleged damages.

17. Whether Tableros Industria e Comercio de Panels LTDA, is responsible, in part or in whole, for causing Plaintiffs alleged damages.

18. Whether Miraluz Industria e Comercio de Madeiras Ltda. is responsible, in part or in whole, for causing Plaintiffs alleged damages.

19. Whether Madeireira EK Ltda. is responsible, in part or in whole, for causing Plaintiffs alleged damages.

20. Whether G 13 Madeiras LTDA is responsible, in part or in whole, for causing Plaintiffs alleged damages.

21. Whether Brasnile Industrial LTDA is responsible, in part or in whole, for causing Plaintiffs alleged damages.

22. Whether Timber Products Inspection is responsible, in part or in whole, for causing Plaintiffs alleged damages.

23. Whether PFS Corporation d/b/a PFS Teco is responsible, in part or in whole, for causing Plaintiffs alleged damages.

24. Whether plywood mills based in the United States and other countries is responsible, in part or in whole, for causing Plaintiffs alleged damages.

## VIII. CONCISE STATEMENT OF ISSUES OF LAW ON WHICH THERE IS AGREEMENT

None.

## IX. CONCISE STATEMENT OF ISSUES OF LAW WHICH REMAIN FOR DETERMINATION BY THE COURT.

Other than the pending motions identified above and anticipated motions in limine, the parties identify the following list of legal issues which remain to be decided:

    1.    Whether the Court should award any party its reasonable attorneys' fees by finding this case exceptional. *See Tobinick v. Novella*, 884 F.3d 1110, 1113 (11th Cir. 2018).

    2.    Whether the Court should award costs to a prevailing party.

    3.    Whether any damages award should be enhanced and whether plaintiffs should recover pre-judgment interest.

**Defendant's proposed additional issues of law which remain for determination by the Court, which Plaintiffs dispute**:

    4.    Whether Plaintiffs have standing under the Lanham Act.

    5.    Whether A2LA owed Plaintiffs a duty under negligence.

## X. TRIAL EXHIBIT LISTS.

Defendant filed a motion for extension of time to file Plaintiffs' trial exhibit list and Defendant's trial exhibit list.

## XI. TRIAL WITNESS LISTS.

Plaintiffs' trial witness list is Exhibit 1. A2LA's trial witness list is Exhibit 2.

## XII. ESTIMATED TRIAL TIME.

The parties estimate time required for trial is 7 to 10 days.

## XIII. ATTORNEYS' FEE AWARD.

If the Court finds this case exceptional under *Tobinick v. Novella*, 884 F.3d 1110, 1113 (11th Cir. 2018), Plaintiffs' estimate that the maximum allowable amount of attorneys' fees that may be awarded to the prevailing party is $2.4 million.

## XIV. OTHER MATTERS.

### A. Sequestration of Witnesses

The parties agree that all fact witnesses (other than one corporate representative per party) will be sequestered until the witnesses have completed their testimony in their respective side's case-in-chief.

### B. Disclosure of Witnesses and Exhibits During Trial.

#### 1. Opening Statements.

The parties will identify agreed upon exhibits where there is no objection to be used in opening statements by 8:00 PM two nights before opening statements.

#### 2. Witnesses.

Each party shall identify witnesses and the order in which they will appear the day before the party intends to call those witnesses at trial.

### C. Authenticity of Documents.

The parties stipulate that any document produced in discovery by Plaintiffs, A2LA or FII that is a business record authored by an employee or officer of the Plaintiffs, A2LA or FII in producing such document, shall be deemed to be a true and correct copy of a document under Federal Rule of Evidence 901 maintained in the party's files as of the date of the party's document collection, subject to the right of the party against whom such a document is offered to adduce evidence of inadmissibility.

Lastly, the parties stipulate that none of the stipulations in the previous paragraph shall serve as a waiver of any other objections a party may have to trial exhibits, or abrogate the requirement that the party offering the document into evidence satisfy any other rules governing

the admissibility of evidence set forth in the Federal Rules of Evidence, the Federal Rules of Civil Procedure, Local Rules, the Court's individual practices, or any other applicable rule or regulation.

Dated: July 25, 2025.

| | |
|---|---|
| Respectfully submitted,<br><br>**HAGLUND KELLEY LLP**<br>*Attorneys for Plaintiffs*<br>2177 SW Broadway<br>Portland, OR 97201<br>Telephone:  (503) 225-0777<br>Facsimile:  (503) 225-1257<br><br>By: /*s/Michael E. Haglund*<br>**MICHAEL E. HAGLUND, ESQ.**<br>Oregon Bar No. 772030<br>(*Admitted Pro Hac Vice*)<br>Mhaglund@hk-law.com<br>**ERIC BRICKENSTEIN, ESQ**.<br>Oregon Bar No. 142852<br>Email: ebrickenstein@hk-law.com<br>(*Admitted Pro Hac Vice*)<br>**CHRISTOPHER T. GRIFFITH, ESQ**.<br>Oregon Bar No. 154664<br>Email: cgriffith@hk-law.com<br>*(Admitted Pro Hac Vice)*<br><br>**NICKLAUS & ASSOCIATES, P.A.**<br>*Attorneys for Plaintiffs*<br>4651 Ponce de Leon Boulevard, Suite 200<br>Coral Gables, Florida 33146<br>Telephone:  (305)460-9888<br>Facsimile:   (305)460-9889<br><br>By: *s/ Edward R. Nicklaus*<br>**EDWARD R. NICKLAUS, ESQ.**<br>Florida Bar No.:  138399<br>edwardn@nicklauslaw.com<br>**SEAN J. EATON, ESQ.**<br>Florida Bar No.: 27718<br>seane@nicklauslaw.com | **NELSON MULLINS**<br>*Attorneys for American Association for Laboratory Accreditation, Inc.*<br>100 S.E. 3rd Avenue, Suite 2700<br>Fort Lauderdale, FL  33394<br>Telephone: (954) 764-7060<br>Facsimile: (954) 761-8135<br><br>By:  */s/  Peter R. Goldman*<br>**PETER R. GOLDMAN, ESQ.**<br>Florida Bar No. 860565<br>Email: Peter.Goldman@nelsonmullins.com<br>**NINA C. WELCH, ESQ.**<br>Florida Bar No. 118900<br>Email:  Nina.Welch@nelsonmullins.com<br>**DANNA KHAWAM, ESQ.**<br>Florida Bar No. 1025114<br>Email: Danna.Khawam@nelsonmullins.com<br>**ZACK WEISS, ESQ.**<br>Florida Bar No. 1040682<br>Email:  Zack.Weiss@nelsonmullins.com |

## NOTICE OF ENDORSEMENT

Pursuant to the CM/ECF Administrative Procedure 3J(3), I, Peter Goldman, hereby certify that Michael Haglund, counsel for Plaintiffs authorized me to file this Joint Pretrial Stipulation on their behalf with their electronic signature affixed hereto.

/s/ *Peter R. Goldman*
Peter R. Goldman
Florida Bar No. 860565

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2025, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court and served on all counsel of record through the Court's CM/ECF system.

/s/ *Peter R. Goldman*
Peter R. Goldman